

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLES SMALL                    :        CIVIL ACTION
                                 :
          v.                     :
                                 :
SUPERINTENDENT FRANK GILLIS,     :
et al.                           :        NO. 05-3837

**FILED**

JUN 2 2 2006

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

<u>MEMORANDUM</u>

Bartle, C.J.                              June 22, 2006

          On May 24, 2006, the court denied the motion of
defendants for summary judgment made pursuant to Rule 56 of the
Federal Rules of Civil Procedure.  Now pending is the motion of
defendants for reconsideration of that Order.

          Plaintiff Charles Small filed this action under 42
U.S.C. § 1983 against defendants Frank Gillis, Kandis Dascani,
Wilma Sewell, and Fred Maue, M.D., all employees or agents of the
Pennsylvania Department of Corrections.  Plaintiff alleges that
defendants violated his Eighth Amendment right to be free from
"cruel and unusual punishments" by refusing to provide him
medically necessary surgery while he was incarcerated at the
State Correctional Institute ("SCI") in Coal Township,
Pennsylvania from August 2003 until June 2004.  Plaintiff seeks
both compensatory and punitive damages against defendants in
their individual and official capacities.

          In an order dated October 14, 2005, we denied the
motion of defendants to dismiss plaintiff's complaint and/or

transfer venue to the Middle District of Pennsylvania.  Discovery
proceeded, and defendants filed their motion for summary judgment
on the grounds that plaintiff had failed to establish a
constitutional violation and that defendants were entitled to
qualified immunity.  We denied the motion because of the
existence of genuine issues of material fact and did so without a
detailed Memorandum accompanying our May 24, 2006 Order.

In the instant motion for reconsideration, defendants
contend that we committed a clear error of law when we denied the
motion for summary judgment.  See Fed. R. Civ. P. 59(e); Loc. R.
Civ. P. 7.1(g); see also Max's Seafood Café v. Quinteros, 176
F.3d 669, 677 (3d Cir. 1999).  Defendants argue, in essence, that
as a matter of law an inmate cannot sustain an Eighth Amendment
claim against non-medical prison officials based on the adequacy
of his care when he is already under the care of the prison's
medical staff.  Defendants further assert that the court erred in
denying their motion for summary judgment on the grounds of
qualified immunity.  For the reasons set forth herein, the motion
for reconsideration will be denied.

In Forbes v. Township of Lower Merion, our Court of
Appeals held that a district court resolving a motion for summary
judgment on the grounds of qualified immunity must make specific
findings of fact and law.  See 313 F.3d 144, 148 (3d Cir. 2002).
The Forbes court has suggested that we specify "the material
facts that, in [our] view, are or are not subject to genuine
dispute."  Id.  Accordingly, we must provide both an

-2-

"identification of relevant factual issues and an analysis of the law that justifies the ruling with respect to those issues." Id. at 149.  Thus, pursuant to Forbes, we will explain more fully the basis for our May 24, 2006 Order.

Based on the record before us, the following facts are undisputed.  Plaintiff Charles Small has been a paraplegic bound to a wheelchair since 1993.  In April 2000, he first noticed that "a little cut" or "a little slice" had developed on his buttocks.  By May 2002, the open sores had worsened to the point where plaintiff's treating physicians determined that surgery was necessary to close the wounds.  This corrective surgery was scheduled for June 6, 2002.  In the interim, however, plaintiff was arrested and ultimately sentenced on June 2, 2002 to a term of 4 to 36 months in state prison.  Thus, the surgery was not performed at that time.

From June 2002 until February 2003, plaintiff was incarcerated at Curran-Fromhold Correctional Facility ("CFCF") in Philadelphia.  According to plaintiff, prison doctors treating him at CFCF initially performed basic wound care and debridement before determining that he needed surgery.  Before the operation could take place, plaintiff was transferred to SCI-Camp Hill in February 2003, and transferred yet again to the Coal Township facility in August 2003.  He remained at SCI-Coal Township until his transfer to SCI-Laurel Highlands in June 2004.  Plaintiff finally was released on parole in November 2004.

For purposes of the instant action, the relevant time period regarding plaintiff's care is the approximate ten months from August 2003 until June 2004 while plaintiff was incarcerated at SCI-Coal Township.  We note that there is no dispute that plaintiff received some medical care while there.  Plaintiff testified at his deposition that once a day the prison medical staff cleaned and changed the dressings on his sores.  However, there is also no dispute that this treatment did not close the open sores or otherwise remedy plaintiff's condition.

Between November 2003 and May 2004, while at SCI-Coal Township, plaintiff submitted at least thirteen different letters or inmate request forms to defendants Superintendent Gillis, Assistant Superintendent Dascani, Health Care Administrator and Grievance Officer Sewell, and Chief of Clinical Services Dr. Maue, among others.  In these written complaints, plaintiff repeatedly requested surgery to repair the worsening condition of the open sores on his buttocks.  In addition, as evidenced by a written evaluation, as early as December 12, 2003, Stan Stanish, M.D., a physician treating inmates at SCI-Coal Township, examined plaintiff and determined that the open wounds needed to be closed by surgery.  Subsequent to Dr. Stanish's diagnosis, Henry Yavorek, M.D., a surgeon retained by the prison, determined in January 2004 that the necessary surgery was "too complex" for his area of expertise and a plastic surgeon was needed.  It does not appear that a plastic surgeon was ever retained by the prison to examine plaintiff.  Inexplicably, a May 24, 2004 letter from

Superintendent Gillis to plaintiff stated that a review of
plaintiff's condition with his "medical staff" left him
"satisfied" that the level of care was proper and plaintiff's
"legitimate medical needs are being appropriately addressed."
The surgery was never performed while plaintiff was incarcerated
at SCI-Coal Township.

Finally, in the time since plaintiff's release on
parole from SCI-Laurel Highlands in November 2004, plaintiff has
endured a minimum of four surgeries in an attempt to close the
massive wounds.  None of these surgeries has been successful in
permanently correcting the problem.

In their motion for summary judgment, defendants first
contended that plaintiff failed to establish a constitutional
claim under the Eighth Amendment.  The Supreme Court, as early as
1976, recognized that the Eighth Amendment's protection against
"cruel and unusual punishments" imposes upon government "the
obligation to provide medical care for those whom it is punishing
by incarceration."  Estelle v. Gamble, 429 U.S. 97, 103 (1976).
In Estelle, an inmate plaintiff filed suit against various
medical and non-medical prison personnel arising from the
mistreatment of his back injury and other ailments in violation
of the Eighth Amendment.  Id. at 98-99.  In holding that
plaintiff could assert such a right, the Court concluded:

> [D]eliberate indifference to serious medical
> needs of prisoners constitutes the
> "unnecessary and wanton infliction of pain"
> proscribed by the Eighth Amendment.  This is
> true whether manifested by prison doctors in

> their response to the prisoner's needs or by
> prison guards in intentionally denying or
> delaying access to medical care or
> intentionally interfering with the treatment
> once prescribed.  Regardless of how
> evidenced, deliberate indifference to a
> prisoner's serious illness or injury states a
> cause of action under § 1983.

Id. at 104-05 (internal citations and footnotes omitted).  In

1994, the Supreme Court declared that prison officials "must

ensure that inmates receive adequate ... medical care."  Farmer

v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. Palmer,

468 U.S. 517 (1984)).  As our Court of Appeals has explained, in

order to establish a violation of this constitutional right to

adequate medical care, "evidence must show (i) a serious medical

need, and (ii) acts or omissions by prison officials that

indicate deliberate indifference to that need."  Natale v. Camden

County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003).

A medical need is "serious" if it is "one that has been

diagnosed by a physician as requiring treatment or one that is so

obvious that a lay person would easily recognize the necessity

for a doctor's attention."  Monmouth County Corr. Institutional

Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (citing Pace

v. Fauver, 479 F. Supp. 456, 458 (D.N.J. 1979), aff'd, 649 F.2d

860 (3d Cir. 1981)).  Here, plaintiff's condition was diagnosed

by different physicians as needing surgery at least three

separate times between 2002 and 2004.  SCI-Coal Township's

medical staff was provided with Dr. Stanish's recommendation that

surgical closure of plaintiff's wounds was necessary in December

2003 as well as with Dr. Yavorek's opinion that the proposed
surgery was "too complex" for his area of expertise.  In
addition, a review of pictures taken of plaintiff's wounds in
December 2003 and May 2004 make clear to the lay person that
plaintiff's condition appeared disturbingly serious.

          We turn next to the question of whether plaintiff has
produced sufficient evidence of "deliberate indifference" in
order to withstand summary judgment at this stage.  In <u>Farmer v.
Brennan</u>, the Supreme Court held that a prison official acts with
deliberate indifference when he or she "knows of and disregards
an excessive risk to inmate health or safety."  511 U.S. at 837.
The prison official must be both "aware of facts from which the
inference could be drawn that a substantial risk of serious harm
exists, and ... draw the inference."  <u>Id.</u>  In cases involving
allegations of inadequate medical care, our Court of Appeals has
explained that deliberate indifference can be found where prison
officials "ignored that evidence" of a serious need for medical
care or where "necessary medical treatment is delayed for
non-medical reasons."  <u>Natale</u>, 318 F.3d at 582.  Nor may prison
officials, "with deliberate indifference to the serious medical
needs of the inmate, opt for 'an easier and less efficacious
treatment' of the inmate's condition."  <u>Lanzaro</u>, 834 F.2d at 347
(quoting <u>West v. Keve</u>, 571 F.2d 158, 162 (3d Cir. 1978)).

          On the record before us, plaintiff has produced
sufficient evidence to make out a constitutional violation.  By
December 2003, SCI-Coal Township's Dr. Stanish had diagnosed

plaintiff's condition as requiring surgery.  Dr. Yavorek
subsequently concluded that the surgery posed such challenges
that a plastic surgeon was required.  In addition, plaintiff
authored a series of letters to the prison official defendants in
which he repeatedly mentioned his "serious medical condition"
causing him "serious pain shooting threw [sic] [his] body."  He
explained that he required "a much needed surgery" that had been
"ignored" by the prison's medical staff.  He further complained
that his condition was worsening and that without proper
treatment he was "afraid of dying" and "may never walk again."
This does not appear to us to be a case of a prisoner alleging
"mere disagreement as to the proper medical treatment."  See,
e.g., Lanzaro, 834 F.2d at 346.  Plaintiff's continuous and
unresolved complaints, which are supported by contemporaneous
pictures depicting massive open wounds on his buttocks, are
sufficient to raise a question of whether he was receiving
constitutionally adequate medical care at SCI-Coal Township, or
worse, that prison officials somehow impeded Dr. Stanish's
recommendation of surgery.  A reasonable jury certainly could
conclude that the prison officials acted with deliberate
indifference to plaintiff's serious medical condition in
violation of the Eighth Amendment.  Accordingly, we denied the
motion for summary judgment of defendants on the ground that
plaintiff has failed to make out a constitutional violation.

Finally, defendants seek reconsideration of our denial
of summary judgment based on defendants' assertion of qualified

immunity.  See Forbes, 313 F.3d at 148.  In Saucier v. Katz, the
Supreme Court established a two-part test for analyzing qualified
immunity claims.  See 533 U.S. 194 (2001).  First, we must
determine whether the facts "taken in the light most favorable to
the party asserting the injury ... show the officer's conduct
violated a constitutional right."  Id. at 201.  Second, if the
answer to the first question is affirmative, we then must decide
as to "whether the right was clearly established" such that "it
would be clear to a reasonable officer that his conduct was
unlawful in the situation he confronted."  Id.  This inquiry
"must be undertaken in light of the specific context of the case,
not as a broad general proposition."  Id.  Nevertheless, "the
plaintiff need not show that there is a prior decision that is
factually identical to the case at hand in order to establish
that a right was clearly established."   Doe v. Groody, 361 F.3d
232, 243 (3d Cir. 2004).

     Having already determined above that plaintiff has
produced sufficient facts to show a constitutional violation, we
turn to the second prong of Saucier, that is, whether the
constitutional right at issue under the Eighth Amendment was
clearly established during the period of his incarceration at
SCI-Coal Township from August 2003 to June 2004 when the events
giving rise to plaintiff's claim occurred.  By that time, it had
been long settled that the Eighth Amendment requires prison
officials to "ensure that inmates receive adequate ... medical
care."  See Farmer, 511 U.S. at 832 (citing Hudson v. Palmer, 468

U.S. 517 (1984)).  It was also well established by that time that
"deliberate indifference to serious medical needs of prisoners
constitutes the 'unnecessary and wanton infliction of pain.'"
Lanzaro, 834 F.2d at 346 (quoting Estelle v. Gamble, 429 U.S. 97,
104 (1976)).  Thus, it was clear that a violation of the
constitutional right to adequate medical care occurs when (1) a
prisoner's "serious" medical need is met with (2) "deliberate
indifference" by prison officials to that need.  See, e.g.,
Natale, 318 F.3d at 582; Lanzaro, 834 F.2d at 346.

    Defendants contend that it was not until the Third
Circuit's recent decision in Spruill v. Gillis on June 18, 2004
that the law clearly permitted liability against non-medical
prison officials by inmates who were already receiving medical
care, thereby putting defendants on notice that their conduct
could trigger liability.[1]  See 372 F.3d 218, 236 (3d Cir. 2004).
We disagree.  While Spruill explained in further detail
circumstances in which a non-medical defendant can be held
liable -- namely, that the official had "a reason to believe (or
actual knowledge) that prison doctors or their assistants are
mistreating (or not treating) a prisoner" -- the question of
whether a non-medical prison official could be haled into court
for deliberate indifference to an inmate's medical needs had been
established long before.  Id.  In Estelle, the seminal Supreme

_____

1.  We note that at least one of the defendants, Dr. Maue, the
prison's "Chief of Clinical Services," appears to be a medical
doctor.

Court decision on the issue handed down in 1976, the plaintiff sued both the prison medical director and two non-medical prison officials for Eighth Amendment violations during the course of his medical treatment in prison. See 429 U.S. at 98-101. The Court explained that both prison doctors and guards could be held liable for acting with deliberate indifference to an inmate's serious medical needs "[r]egardless of how evidenced." Id. at 104-05; see also Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001); Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993); Lanzaro, 834 F.2d 346-47. By 2003, it was clearly established in a manner sufficiently specific to the context of this case that deliberate indifference by prison personnel, whether or not medically trained, to a prisoner's serious medical and health needs constitutes a violation of the Eighth Amendment. See Saucier, 533 U.S. at 201.

We see no reason to disturb our decision denying the motion of defendants for summary judgment and finding that defendants are not entitled to qualified immunity. Accordingly, the motion of defendants for reconsideration will be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLES SMALL                 :        CIVIL ACTION
                              :
        v.                    :
                              :
SUPERINTENDENT FRANK GILLIS,  :
et al.                        :        NO. 05-3837

**FILED**

JUN 2 2 2006

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

ORDER

AND NOW, this 22nd day of June, 2006, for the reasons
set forth in the accompanying Memorandum, it is hereby ORDERED
that the motion of defendants for reconsideration is DENIED.

                    BY THE COURT:

                    _____ C.J.

**ENTERED**

JUN 2 2 2006

CLERK OF COURT

6/22/06 mwl.